BLD-029                                                                    **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 14-4164
_____

IN RE: JASON KOKINDA,
                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil No. 5:13-cv-02202)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 6, 2014

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Filed: November 12, 2014)
_____

OPINION*
_____

PER CURIAM

Petitioner Jason Kokinda seeks a writ of mandamus compelling Judges Jan E.

DuBois and Lynne A. Sitarski to recuse themselves from the consideration of his habeas

petition, which is pending before the Eastern District of Pennsylvania.  He also moves for

the recusal of Chief Judge Theodore A. McKee from any role in review of the mandamus

petition.  For the reasons that follow, we will deny the petition and motion.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kokinda is a state prisoner who is serving a sentence for four counts of unlawful contact with a minor and a related charge. In 2013, he petitioned the District Court for habeas relief. Thereafter, he filed multiple motions seeking the recusal of the presiding District Judge and the Magistrate Judge to whom the matter was referred, all of which were denied. Kokinda now seeks mandamus relief from the Court. He alleges that the judges are biased against him, apparently as a result of being caught in a web of corruption initiated by Governor Corbett, who he claims is invested in Kokinda's alleged malicious prosecution for political reasons. In a separate motion, he also asserts that Chief Judge McKee should not be permitted to review this mandamus petition based on his alleged affiliation with nefarious political influences.

A mandamus petition is a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455. In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). Mandamus, however, is a drastic remedy that is available only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citations and internal quotations omitted). A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance of the writ is clear and indisputable. Id. at 378-79. Kokinda falls far short of this high bar.

Kokinda's petition is rich in conspiracy theories and hyperbole—drawing on alleged acts of the Illuminati and various mafias, among other things. The wrongs of which he accuses the judges include racketeering, attempted murder, and treason. The

2

petition lacks, however, specific facts in support of such grave allegations and does not provide a basis upon which a legal argument for recusal may stand. Indeed, Kokinda argues in his petition that he "doesn't have to prove any direct evidence of any of this, and he would be stupid if he did give evidence to the criminals who are trying to kill him…." Rather, he points to his dissatisfaction with the outcome of various motions as evidence of the implicit corruption of the judges.

Under 28 U.S.C. § 455(a), recusal is required when a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington, 368 F.3d at 301 (citation and quotations omitted). Nonetheless, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted). Moreover, recusal is not required on the grounds of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981). Kokinda has not shown a clear and indisputable right to issuance of the writ. Accordingly, his petition for a writ of mandamus will be denied. Kokinda's motion to recuse Chief Judge McKee is denied as moot, as the Chief Judge has not been involved in adjudicating Kokinda's mandamus petition.

3